In re AMERICAN PRESIDENT LINES, LTD., and 102 Other Shipowner–Defendants in the Ohio Asbestos Litigation (MARDOC), Petitioners.

No. 91–3180.

United States Court of Appeals, Sixth Circuit.

March 25, 1991.

Harold W. Henderson, Richard C. Binzley, Thomas O. Murphy, Thomas A. Heffernan, Thompson, Hine & Flory, Cleveland, Ohio, for petitioners.

Before KEITH and MARTIN, Circuit Judges, and CONTIE, Senior Circuit Judge.

## ORDER

The petitioners, 103 shipowner-defendants in asbestos cases brought in the Northern District of Ohio, seek a writ of mandamus directing the district court to vacate certain orders entered in those cases. They also seek a writ of prohibition directing judges of the Eastern District of Michigan to refrain from taking any action in cases transferred to them pursuant to those orders. Judge Lambros has filed a response to the petition. Additionally, Texaco, Inc. moves to be joined as a petitioner or, in the alternative, to be permitted to file its brief in support of the petition. Leave is hereby granted to file the brief in support of the petition.

██ The factors considered in granting relief in mandamus are well-established. *In re: Bendectin Products Liability Litigation*, 749 F.2d 300, 304 (6th Cir. 1984). The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661–62, 98 S.Ct. 2552, 2556–57, 57 L.Ed.2d 504 (1978); *Kerr v. United States District Court*, 426 U.S. 394, 402–03, 96 S.Ct. 2119, 2123–24, 48 L.Ed.2d 725 (1976). It cannot be used to control a district court in the exercise of discretionary duties. *In re: Post–Newsweek Stations*, 722 F.2d 325, 329 (6th Cir.1983).

██ On January 9, 1991, the first of the orders challenged by the petitioners was entered, OAL No. 125. That order transferred 44 cases to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). The cases were ordered transferred on the court's finding that "the convenience of the parties and witnesses and the interest of justice are served because of the additional efficiency and expedited processing available to these cases given the allocations of additional judicial officer and supportive staff personnel." The petitioners assert that not all of the defendants in the trans-ferred cases are amenable to suit in the Eastern District of Michigan. Accordingly, petitioners ask this court to vacate the order of transfer.

The pleadings before this court indicate that a motion to remand the cases to the Northern District of Ohio and a motion to require trial in that district are pending in the Eastern District of Michigan. These motions involve the same jurisdictional issues as the petition that is now before us. The ultimate resolution of both the petition and the motions is dependent upon factual findings that are properly resolved in the district court. In light of these pending matters, we decline to issue a writ of mandamus or of prohibition.

██ The petitioners also challenge portions of OAL NO. 126 entered on January 10, 1991. That order was entered after the transfer of the 44 cases to the Eastern District of Michigan and is inapplicable to those cases as the transfer divested the Northern District of Ohio of jurisdiction. As to the remaining cases, by OAL No. 126 the district court prohibited counsel from engaging in communications with the treating physicians, medical experts or witnesses of another party except upon the express waiver of opposing counsel, properly authorized depositions, or order of the court. The petitioners assert that they are entitled to contact the plaintiffs' treating physicians and interview them informally upon their consent. In response, the district court stated that these limitations were made to avoid inordinate delay and the inundation of third parties with interviews. Although it is possible that the informal interviews contemplated by petitioners could be limited to fit within the framework of the district court's discovery schedule, we believe this to be within the district court's discretion and not appropriate for the extraordinary relief of mandamus. The order permits petitioners to move the district court for permission to interview witnesses. The petitioners do not appear to have availed themselves of that remedy.

The petitioners also challenge other language of OAL No. 126 in which the district court directed the petitioners to pay the plaintiffs' transportation costs for independent medical examinations and depositions. The same order required the plaintiffs to pay for their own lodging and miscellaneous costs involved in such examinations and depositions. Fed.R.Civ.P. 26(f) and 35 grant a district court wide discretion in managing discovery expenses and the terms and conditions of physical examinations of a party. The district court's exercise of that discretion in this case does not warrant use of the extraordinary remedy of mandamus. The petitioners remain free to challenge the allocation of expenses in an appeal from a final judgment. Although they assert that the costs of such an appeal may outweigh the benefits, that is a risk associated with any litigation.

It is therefore ORDERED that the petition for a writ of mandamus and a writ of prohibition is denied. Fed.R.App.P. 21.