UNITED STATES of America

v.

**Leonard BRISCOE and Loy Gunter.**

Crim. No. 92–85 SSH.

United States District Court,
District of Columbia.

May 22, 1992.

Roscoe C. Howard, Jr., Dianne J. Smith, George Ellard, Office of Independent Counsel, Washington, D.C., for plaintiff.

Elaine Metlin, Barry W. Levine, Dickstein, Shapiro & Morin, Washington, D.C., for defendant Briscoe.

Michael P. Heiskell, Fort Worth, Tex., for defendant Gunter.

OPINION

STANLEY S. HARRIS, District Judge.

Before the Court is the Government's Suggestion for Reconsideration of Transfer. On consideration of the entire record, the Court retransfers this case to the Southern District of Florida.

A brief history of this case and the two other cases against defendant Briscoe that are currently before this Court is warranted. The indictment in this case was filed against defendant Briscoe and defendant Gunter, on June 12, 1991, in the Southern District of Florida, Case No. 91–8065. The indictment was returned by the United States Attorney for the Southern District of Florida, and the case was assigned to Chief Judge Roettger in the Fort Lauderdale division. On the same date, the United States Attorney for the Southern District of Florida filed a second indictment against defendant Briscoe and a different codefendant, Maurice David Steier. That case, Case No. 91–8066, was assigned to Judge Paine in the West Palm Beach Division. On July 11, 1991, the Office of Independent Counsel appointed to investigate alleged corruption within the Department of Housing and Urban Development (HUD) returned another indictment—the first returned by that Independent Counsel—here in the District of Columbia against defendant Briscoe. That case, Criminal No. 91–399, was assigned to the undersigned. The Independent Counsel since has filed three superseding indictments in the case—the most recent on May 19, 1992.

The two indictments which were returned by the United States Attorney and filed in the Southern District of Florida are now before this Court. On January 30, 1992, Chief Judge Roettger and Judge Paine each granted defendants' motions to transfer his case to this district. The cases were assigned to the undersigned as "related" to the pending case which had been brought by the Independent Counsel. (Chief Judge Roettger's case is now Criminal No. 92–85 here and Judge Paine's case is now Criminal No. 92–86 here). Now

pending before this Court is an unprecedented motion filed jointly by the Independent Counsel and the Department of Justice—which are, analytically, quite different prosecutors.[1] That motion requests that the Court consolidate the Independent Counsel's case and the United States Attorney's case initially assigned to Judge Paine, now Criminal No. 92–86 here.[2] With regard to this case, Criminal No. 92–85, the United States Attorney for the District of Columbia (who had no relationship to the case whatsoever until it was transferred here) now suggests that the transfer was improvidently granted and that this Court should transfer the case back to the Southern District of Florida.

In brief summary, the indictment in this case alleges that defendant Briscoe submitted a series of false statements to the City of Riviera Beach, Florida, in connection with developing Wedgewood Plaza Apartments. The indictment charges that Briscoe, the owner of the project, falsely represented that amounts were due for work on the project. The defendants allegedly conspired to misrepresent the progress and the expenses of the project in order to draw on the project's funding. The funds would be paid to defendant Gunter, the project supervisor, and he would pay a kickback to defendant Briscoe. The funding on which the defendants conspired to draw came from a HUD Urban Development Action Grant (UDAG).

The indictment in the Independent Counsel's case which was returned in the District of Columbia, Criminal No. 91–399, alleges a separate conspiracy involving defendant Briscoe and three coconspirators.[3]

The alleged coconspirators are Lance Henry Wilson, an officer in a financial institution, Maurice David Steier, an attorney in Nebraska, and DuBois Gilliam, a Deputy Assistant Secretary at HUD who is named as an unindicted coconspirator. The defendants allegedly conspired to submit false statements to HUD and to bribe Gilliam in order to obtain UDAG funding for several projects, including Wedgewood Plaza. The allegedly false statements misrepresented the existence of private funding necessary to qualify for a grant through the UDAG program.

In its Order of Transfer, the District Court for the Southern District of Florida stated that "[t]his action arises from the same factual circumstances as one brought in the United States District Court for the District of Columbia." The court further stated that "defendant Briscoe has been charged in three separate indictments regarding his activities related to a HUD-sponsored [UDAG] program." Chief Judge Roettger transferred the action "[f]or the convenience of the defendants and in the interest of justice."

The finding that this case involves the "same factual circumstances" as the Independent Counsel's case was based on defendant Briscoe's representations. However, the transferring court did not have access to the Independent Counsel's indictment at the time of the ruling.[4] The Independent Counsel's case actually involves factual circumstances distinct from the case then before Chief Judge Roettger. The indictment brought by the Independent Counsel charges a separate conspiracy in

---

1. The Court has extended the time for the defendants to respond to the motion to consolidate. Therefore, that motion is not yet at issue.

2. The motion has been further complicated by the filing of the most recent superseding indictment in the Independent Counsel's case. That indictment combines a conspiracy charge from the Southern Florida indictment with the existing conspiracy charge in the Independent Counsel's case.

3. "The indictment" refers to the third superseding indictment. As noted, that indictment altered the conspiracy charge to add matter alleged in Judge Paine's case from the Southern

District of Florida, Criminal No. 91–8066 there and now Criminal No. 92–86 here. Judge Paine's case initially contained charges of bribery and conspiracy to commit bribery in connection with applications for UDAG funding. That case, which no one seeks to have returned to the Southern District of Florida, therefore involves substantial factual overlap with the Independent Counsel's case before this Court.

4. It is unknown whether Chief Judge Roettger had access to the other Southern Florida indictment which was then pending in the West Palm Beach Division before Judge Paine.

which defendant Briscoe allegedly acted with different coconspirators; it centers around defendant Briscoe's application for UDAG funding from HUD. The false statements allegedly made in that case were directed to HUD here in Washington in order to qualify for funding. Similarly, the conspiracy to commit bribery allegedly was intended to influence the award of grants by HUD in Washington. Chief Judge Roettger's case involves false statements submitted to the City of Riviera Beach. The defendants allegedly manipulated the procedures for drawing funds from the local authority administering the UDAG. It is true that both cases involve fraud against the UDAG program, but they charge distinct offenses in separate stages of the program. There is not a substantial evidentiary overlap between the cases.

The Independent Counsel's case and the one which is the subject of this ruling have been brought by separate prosecutors, each with the authority to pursue the respective charges. In his motion to transfer, defendant Briscoe emphasized the fact that, under the Independent Counsel statute, the United States Attorney's Office in the Southern District of Florida could not have proceeded with its prosecutions without written approval from the Independent Counsel. Defendant charged that the Independent Counsel "trifurcated this investigation and [ ] effectively tapped into the unlimited resources of the Federal government while Mr. Briscoe's defense team must accommodate the demands of a war on three fronts." Notwithstanding defendant Briscoe's rhetoric, he concedes that a duly appointed Independent Counsel has the authority to allow a local prosecution to continue. The Independent Counsel apparently did so for both of the Southern District of Florida investigations that had been underway for a considerable period of time.

Thus, the two cases actually involve wholly separate prosecutorial authorities. Furthermore, defendant Briscoe's opposition to the government's pending motion to consolidate the trial of the independent counsel case with the second Southern Florida case (which was transferred by Judge Paine) belies his complaint regarding "trifurcated" prosecutions.

Defendant Briscoe also argued to Chief Judge Roettger that, if the three cases were before a single judge, "no judge would manage his or her docket so poorly as to permit the simultaneous prosecution of Mr. Briscoe under three separate indictments." Assuredly this Court would not conduct a joint trial on the charges in this case and the two other cases.[5] The separate nature of the alleged conspiracies and the volume of evidence involved in each case would make such a trial overwhelming for a single jury. Indeed, no one has even hinted that this case and those should be tried together. Separate trials would not increase the burden to defendant Briscoe because, as noted, there is not a substantial evidentiary overlap between the cases.

Finally, defendant Briscoe contends before this Court that there is no mechanism for the government to request transfer in a criminal case. Rule 21 specifically provides that a court may transfer a case on a defendant's motion. Defendant argues that the government's "suggestion" is an attempt to make an end run around the rule's limitation. However, Rule 21 is premised on the fact that the government selects the jurisdiction in which to file an indictment. It would be illogical and unfair if the Rule were to allow the government then to seek a transfer to a different district. Such concerns are not implicated in this case, because the government simply seeks to have the case returned to the

---

**5.** In his Reply in support of the motion to transfer, defendant Briscoe quoted then-Chief Judge Aubrey Robinson of this court regarding the "trifurcated prosecution" of defendant Briscoe. The context of the quotation is not clear. However, it is clear that Chief Judge Robinson, who was concerned solely with the grand jury aspects of the Independent Counsel's case here in the District of Columbia, was not familiar with the charges in the cases in the Southern District of Florida and was speaking primarily based upon defendant's representations. For defendant Briscoe's counsel to quote a statement made under such circumstances to the district court in Florida—which was not familiar at all with the charges in this district—was misleading.

original district in which the indictment was returned.

Defending this case in this district, where defendant Briscoe does face other charges, might be somewhat more convenient for him. For defendant Gunter, the difference is marginal at most. On the other hand, the inconvenience to the government resulting from trial in this district is substantial. Private party witnesses, who are primarily located in the Southern District of Florida, will have to travel to this jurisdiction. Moreover, the prosecutors, who are familiar with the investigation of this case over several years and who are Assistant United States Attorneys for the Southern District of Florida, will have to relocate to appear in this jurisdiction for trial. Thus, the Court finds that the benefit to the defendant resulting from trial in this jurisdiction is far outweighed by the inconvenience to the government. In addition, the Court finds that the pendency of other charges against defendant Briscoe in this Court does not tip the interests of justice in favor of the trial of what is essentially a Southern District of Florida case in this district. Accordingly, with due regard for the fact that the criminal docket of the Southern District of Florida is no less overburdened than this district's, the Court agrees with the suggestion of the government and retransfers the case forthwith by separate Order of this date.

### ORDER

For the reasons set forth in the accompanying Opinion, it hereby is

ORDERED, that this action is transferred forthwith to the United States District Court for the Southern District of Florida. The clerk of the court shall transmit a copy of the record, including a certified copy of this Order and the accompanying Opinion to the clerk of the court for that district.

SO ORDERED.