**In re Leonard E. BRISCOE, Sr., Petitioner.**

**No. 92–3203.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 27, 1992.

As Amended Dec. 8, 1992.

Barry William Levine, Elaine Metlin, and Charles J. Clark, Washington, D.C., for petitioner.

Jay B. Stephens, U.S. Atty., John R. Fisher, Elizabeth Trosman, Suzanne G. Curt, and Karen L. Atkinson, Asst. U.S. Attys., Washington, D.C., for respondent.

Before: EDWARDS, D.H. GINSBURG, and RANDOLPH, Circuit Judges.

Opinion for the court filed Per Curiam.

## PER CURIAM:

On June 12, 1991, a grand jury in the United States District Court for the Southern District of Florida returned two separate, but related indictments against Leonard E. Briscoe, Sr. Briscoe successfully moved to transfer both cases to the United States District Court for the District of Columbia, where he had also been indicted on similar charges. Federal Rule of Criminal Procedure 21(b) permits a district judge, "upon motion of the defendant," to transfer a criminal case for the convenience of parties and witnesses, and in the interest of justice. After the two cases arrived here, the United States District Court for the District of Columbia issued an order transferring one of the cases back to the Southern District of Florida.[1] Briscoe now seeks a writ of mandamus directing the district court to vacate this order.

 There is first a question regarding our jurisdiction. The basic rule in civil practice is that if a case is physically transferred before an appeal or a petition for mandamus has been filed, the court of appeals in the transferor circuit has no jurisdiction to review the transfer. *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C.Cir.1974) (en banc). The idea apparently is that sending the case file to another court—the "physical transfer"—leaves the transferor court with nothing to act upon. *See Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957). A corollary is that, unless exceptional circumstances appear, the transferee court should not directly review the transfer order. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816–17, 108 S.Ct. 2166, 2177–78, 100 L.Ed.2d 811 (1988). If the order is carried out rapidly it therefore may effectively become immune from appellate scrutiny. *See* 28 U.S.C. § 1294(1); *McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 954 (10th Cir.1989); *Starnes*, 512 F.2d at 924, 935. Despite the statement in *Starnes* that transfers should be delayed for twenty days to allow adequate and orderly review, 512 F.2d at 935, the indictment, docket entries and pleadings file were mailed to the Clerk of the Southern District of Florida just four days after the order issued

---

1. The other case was consolidated with the District of Columbia case. Trial in the consolidated cases, *United States v. Briscoe, Wilson &*

here.[2] Briscoe thereafter filed his mandamus petition.

■■■ While this sequence of events ordinarily would deprive us of jurisdiction, the basic rule is subject to an exception. When there is a substantial issue whether the district court had "power to order the transfer," *Starnes*, 512 F.2d at 924 n. 6, we will not consider the clerk's compliance with the order as destroying our jurisdiction. *See NBS Imaging Systems, Inc. v. United States District Court*, 841 F.2d 297, 298 (9th Cir.1988); *Gower v. Lehman*, 799 F.2d 925, 927–28 (4th Cir.1986); *Farrell v. Wyatt*, 408 F.2d 662, 664 (2d Cir. 1969). An alternative to exercising jurisdiction now would be for us to request, informally, that the Southern District of Florida return the file and to proceed only after the file came back. We followed this course in *Fine v. McGuire*, 433 F.2d 499, 500 n. 1 (D.C.Cir.1970). *See In re Sosa*, 712 F.2d 1479, 1480 (D.C.Cir.1983). But we did so only after determining that the mandamus petition presented a substantial claim regarding the legality of the order— that is, only after exercising our jurisdiction, at least to that extent. We see no reason for making such an informal request in this case. To do so would needlessly delay this already protracted proceeding. Even without the original file, we can rectify a usurpation of judicial power. *See A. Olinick & Sons v. Dempster Bros.*, 365 F.2d 439, 447–48 (2d Cir.1966) (Friendly, J., concurring). Furthermore, the framing of the order, retransferring the action *"forthwith,"* Order of May 22, 1992, 792 F.Supp. 1 (italics added), in disregard of the orderly procedure outlined by the en banc court in *Starnes*, together with the government's ill-advised assurance to the district court that a retransfer order would be unreviewable in this court (Suggestion for Reconsideration of Transfer at 5–6), brings the mandamus petition squarely within the traditional office of the All Writs Act empowering this court to issue writs "necessary or appropriate in aid of" its appellate jurisdiction. 28 U.S.C. § 1651(a).

One of the Florida indictments charged Briscoe and a codefendant with bribing an official of the Department of Housing and Urban Development ("HUD") in Florida in order to obtain HUD funding for certain real estate development projects, including the Wedgewood Plaza Apartments in Riviera Beach, Florida. The other Florida indictment charged that Briscoe and a different codefendant conspired to misrepresent the progress and expenses of the Wedgewood Plaza project. The District of Columbia indictment, returned at the request of the Independent Counsel appointed to investigate alleged corruption at HUD, charged Briscoe and three codefendants with conspiring to submit false statements and bribe a HUD official concerning several projects, including Wedgewood Plaza.

On Briscoe's transfer motion, joined by his codefendant in one of the cases and not opposed by his codefendant in the other, the Florida district court concluded that both cases "arise[ ] from the same factual circumstances as one brought in the [District of Columbia]," and that "Briscoe has been charged in three separate indictments regarding his activities related to a HUD-sponsored Urban Development Action Grant (UDAG) program." Order of January 28, 1992. After the two cases arrived here, the government suggested that the Florida district court had transferred the case involved in Briscoe's petition due to "confusion between the subject matter of the cases." Suggestion for Reconsideration of Transfer at 3. Stating that it would seek to consolidate for trial one of the transferred cases with the case originally filed in the District of Columbia, the government advised the district court that this "change in circumstances" would justify retransferring the remaining case back to Florida. *Id.* at 5–6.

*Steier*, No. 91cr399 (D.D.C.1991), began on September 29, 1992.

2. The district court issued its order on May 22, 1992, 792 F.Supp. 1. The Clerk of the District

Court for the District of Columbia then transmitted the case to the Florida district court on May 26, 1992, where it was docketed on June 1, 1992.

On May 22, 1992, the district court ordered the case retransferred because the two cases in the District of Columbia "charge distinct offenses in separate stages of the [HUD] program," and because "the benefit to the defendant resulting from trial in this jurisdiction is far outweighed by the inconvenience to the government." 792 F.Supp. at 3, 4.

Rule 21(b) of the Federal Rules of Criminal Procedure differs from its civil counterpart (28 U.S.C. § 1404(a)) in one critical respect: Rule 21(b) authorizes the transfer of a criminal case only on the defendant's motion. *See, e.g., United States v. Choate,* 276 F.2d 724, 729 (5th Cir.1960); *In re Application to Take Testimony in Criminal Case Outside District,* 102 F.R.D. 521, 523 (E.D.N.Y.1984). "The United States cannot move for transfer nor can the court order transfer to another district on his own motion." 2 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2D § 341, at 245 (1982) (citations omitted). The Advisory Committee Notes to Rule 21(b) (1944 adoption) explained that the "rule provides for a change of venue only on defendant's motion and does not extend the same right to the prosecution, since the defendant has a constitutional right to a trial in the district where the offense was committed."

■ The fact that this case was retransferred to the original forum means that Briscoe cannot complain about being deprived of his constitutional right, under Article II, § 2, and the Sixth Amendment, to be tried in the state and district where the crime was committed. The district court recognized as much when it said, in the portion of the order we have italicized:

> However, Rule 21 is premised on the fact that the government selects the jurisdiction in which to file an indictment. It would be illogical and unfair if the Rule were to allow the government then to seek a transfer to a different district. *Such concerns are not implicated in this case, because the government simply seeks to have the case returned to the original district in which the indictment was returned.*

792 F.Supp. at 3–4. But the concern here is not with Briscoe's constitutional rights. It is with the power of the district court under Rule 21(b), a power that does not exist in the absence of a motion from the defendant to transfer the case to another district.

The retransfer order also violates the fundamental principle that the propriety of the transferor court's exercise of discretion under Rule 21(b) is not subject to review by the district court to which the case is transferred. *See United States v. United States District Court for the Eastern District of Tennessee,* 209 F.2d 575, 577 (6th Cir.1954); *Holdsworth v. United States,* 179 F.2d 933, 937 (1st Cir.1950). The district court here is on an equal footing with the Florida district court. But it was in the Florida district court, and the Florida court alone, that Rule 21(b) reposed the discretion to decide whether the convenience of the parties and witnesses, and the interest of justice, warranted a transfer. *See Platt v. Minnesota Mining Co.,* 376 U.S. 240, 245, 84 S.Ct. 769, 772, 11 L.Ed.2d 674 (1964). Yet the district court here issued its decision on the basis that the Florida court's transfer order was ill-considered. The district court cites, as reasons justifying retransfer, the "convenience to the parties," the fact that government attorneys and some witnesses would be required to travel to Washington for trial, and the lack of "substantial evidentiary overlap between the cases." *See* 792 F.Supp. at 3. The court concluded that "the benefit to the defendant resulting from trial in this jurisdiction is far outweighed by the inconvenience to the government." *Id.* at 4. These issues were necessarily committed to the discretion of the Florida district court, where they were fully briefed and argued when Briscoe made his Rule 21(b) motion.

We see no need to decide whether the government is correct that, despite Rule 21(b), a district court has "inherent authority" to retransfer a criminal case *sua sponte* or on the government's motion. There is only the barest support among the courts of appeals for the proposition. A single footnote in one case, *United States v. Blackwell,* 946 F.2d 1049, 1052 n. 1 (4th

Cir.1991), states that a district court could retransfer a case when "the reasons for the initial Rule 21(b) transfer no longer exist." The only authority cited is *"Cf. United States v. Mohney,* 476 F.Supp. 421, 427–28 (D.Haw.1979) (district court opined that it possessed the authority to retransfer but declined to exercise it for reasons of judicial economy)." The statement in *Blackwell* was unnecessary to the decision; the court held that it could not review the transfer order. 946 F.2d at 1052. Even if we read the dictum for all it is worth, there is nothing in this record to indicate that matters have changed since the Florida court issued its order. We are not informed that any witnesses have moved, or that Briscoe's attorney has changed offices from Washington, D.C., to Florida, or that the Southern District of Florida's docket is now comparatively light. The most that can be said is that the Florida court incorrectly evaluated the circumstances or, to put it in legal terms, abused its discretion in granting Briscoe's motion. While that seems to be the government's view, it was improper for the government to relitigate the issue here, even by way of its mere "Suggestion for Reconsideration of Transfer." The district court, which did not purport to act on the basis of any "inherent authority," exceeded its judicial power when it retransferred the case to Florida at the government's suggestion and in the absence of a defense motion under Rule 21(b).

The petition for a writ of mandamus is therefore granted. The district court is directed to request the Clerk of the United States District Court for the Southern District of Florida to return the file in *United States v. Briscoe, et al.,* No. 91cr8065 (S.D.Fla.), and upon return of the file to vacate its Order of May 22, 1992, 792 F.Supp. 1. A copy of this opinion shall be delivered to the Clerk of the United States District Court for the Southern District of Florida.

*So Ordered.*