983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joyce BENFIELD; Plaintiff-Appellee,
Tina Gibbs; Betty Waldridge; Joan Ball; Gloria Mattingly
Intervening Plaintiffs-Appellees,
v.
James GREENE; Defendant-Appellant, (92-6284)
Lou Byron; Jefferson County Sheriff's Office,
Defendants-Appellants. (92-6266)
In re Lou Byron; James Greene; Jefferson County Sheriff's
Office, Petitioners. (92-6340)
 Nos. 92-6266, 92-6284 and 92-6340.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1992.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendants in this sexual harassment case appeal a district court order granting the plaintiffs' motion to voluntarily dismiss their federal claim under Title VII and remanding the plaintiffs' state claims back to the state court from which they were removed. In the alternative, the defendants seek a writ of mandamus directing the district court to vacate its order of remand. The district court has submitted a copy of its docket sheet in response to the petition for mandamus. The plaintiffs now move to dismiss the defendants' appeals in Cases Nos. 92-6266/6284 and for sanctions. The defendants have filed a response in opposition to the motions. The defendants move to stay the district court's order of remand pending appeal or review in mandamus. The district court has denied a similar motion.
 
 
 2
 In Regis Associates v. Rank Hotels, Ltd., 894 F.2d 193, 194 (6th Cir.1990) this court held that "a remand order is reviewable on appeal when it is based on a substantive decision on the merits of a collateral issue as opposed to just a matter of jurisdiction." In the present case, however, the district court's remand order is not based on a substantive decision, but rather on the granting of a motion by the plaintiffs to voluntarily dismiss their federal cause of action. Under these circumstances, we conclude that review, if available, may only be had pursuant to a petition for a writ of mandamus. See J.O. v. Alton Community Unit School Dist. 11, 909 F.2d 267, 271 (7th Cir.1990). Consequently, the defendants' appeals in Cases Nos. 92-6266/6284 must be dismissed for lack of appellate jurisdiction.
 
 
 3
 If a court of appeals determines that an appeal is frivolous, Rule 38, Fed.R.App.P., permits the court to "award just damages and single or double costs to the appellee." "An appeal is frivolous if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." Dallo v. INS, 765 F.2d 581, 589 (6th Cir.1985). Upon consideration, the court concludes that sanctions are not appropriate in these cases.
 
 
 4
 "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. It cannot be used to control a district court in the exercise of discretionary duties." In re American President Lines, Ltd., 929 F.2d 226, 227 (6th Cir.1991) (order) (citations omitted). A district court's order granting voluntary dismissal is reviewed for an abuse of discretion. See American Nat. Bank and Trust Co. v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir.1991). The defendants have not demonstrated a clear and indisputable right to the relief they seek. The court, therefore, concludes that mandamus relief is not warranted.
 
 
 5
 It is therefore ORDERED that the defendants' appeals in Cases Nos. 92-6266 and 92-6284 are dismissed for the reasons set forth herein. To the extent that the plaintiffs' motions to dismiss advance other grounds for dismissal, those motions are rendered moot. The plaintiffs' request for sanctions is denied. It is further ORDERED that the defendants' petition for a writ of mandamus is denied. The defendants' motion for a stay is denied as moot.