RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0046p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————

MICHAEL MILLER,

　　　　　　*Plaintiff-Appellee,*

　　　*v.*

TOYOTA MOTOR CORPORATION,

　　　　　　*Defendant,*

and

THRIFTY RENT-A-CAR SERVICES, INC.,

　　　　　　*Defendant-Appellant.*

No. 08-4348

Filed:  February 10, 2009

Before:  DAUGHTREY, GILMAN, and KETHLEDGE, Circuit Judges.

—————————————

**ORDER**

—————————————

KETHLEDGE, Circuit Judge.  Thrifty Rent-A-Car Services, Inc. (Thrifty) earlier sought to appeal to this court an interlocutory order from a case pending in the Middle District of Florida.  We dismissed that appeal for lack of jurisdiction.  Plaintiff Michael Miller now moves for sanctions in the amount of his fees and costs relating to the dismissed appeal.  We grant the motion.

Federal Rule of Appellate Procedure 38 affords us "discretion to assess 'just damages'" when confronted with a frivolous appeal. *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 7 (1987).  It both "penalize[s] an appellant who takes a frivolous appeal and . . . compensate[s] the injured appellee for the delay and added expense of defending the district court's judgment." *Id*.  This case demonstrates the need for such a rule.

1

Miller sued Thrifty and Toyota Motor Corporation (Toyota) in state court in Marion County, Ohio. Thrifty removed the case to the United States District Court for the Northern District of Ohio, hoping the court would dismiss the case on *forum non conveniens* grounds, as it had a related case, *Estate of Thomson v. Toyota Motor Corp. Worldwide*, No. 06-2431, 2007 WL 1795271 (N.D. Ohio June 19, 2007), *aff'd,* 545 F.3d 357, 364 (6th Cir. 2008). Thrifty was disappointed. Rather than dismiss the case, the district court transferred it to the Middle District of Florida, where another related case, arising out of the same accident, was pending.

Jurisdiction follows the file, *see, e.g., Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516-17 (10th Cir. 1991) ("Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer"); so if Thrifty wished to challenge the transfer in the transferor court, it needed to act quickly. A sensible first step would have been to seek a stay of the transfer order, so that the file—and thus jurisdiction—would have remained with the transferor court long enough for Thrifty to seek reconsideration. But Thrifty did not act quickly. Thrifty instead did nothing at all, while the file and thus the case were transferred to the Middle District of Florida. It was only two weeks later that Thrifty filed a putative Rule 60(b) "Motion for Relief" from the transfer order. Thrifty did not file that motion in the Middle District of Florida, which then had jurisdiction over the case, choosing instead to file it in the Northern District of Ohio, which did not. The latter court denied the motion, though it likely should have dismissed it. Ten days later, Thrifty filed its notice of appeal to our court. Toyota, notably, did not join the appeal.

Another eight days later, Thrifty moved in the Middle District of Florida to transfer the case—the same case then putatively on appeal to this court—back to the Northern District of Ohio. Thrifty contended the case should be sent back to the transferor court, "at least temporarily," "[i]n order for the appellate court"—meaning this court—"to have jurisdiction to entertain the appeal[.]" The Florida court denied the motion.

Meanwhile—and understandably, given Thrifty's contention quoted above—Miller repeatedly sought to have Thrifty dismiss voluntarily its appeal to our court. Thrifty refused, and persisted in its refusal even after the Florida court denied the re-transfer that Thrifty

itself seemed to think necessary for this court to have jurisdiction over its appeal. So Miller finally moved in this court to dismiss the appeal. A three-judge panel of this court considered the motion, and granted it.

Miller now moves for an order requiring Thrifty to pay Miller his fees and costs in connection with Thrifty's appeal, which Miller contends was frivolous. We agree with that characterization. This court was doubly without jurisdiction over Thrifty's appeal. First, we lacked jurisdiction because, as a general matter at least, it has long been "settled that an order granting a transfer or denying a transfer is interlocutory and not appealable." *Lemon v. Druffel*, 253 F.2d 680, 683 (6th Cir. 1958); *see also, e.g., Dearth v. Mukasey*, 516 F.3d 413, 416 (6th Cir. 2008) (same). As our dismissal order has already made clear, nothing in Thrifty's five-page opposition to Miller's motion to dismiss supported making an exception to that rule here.

But the frivolous nature of Thrifty's appeal did not depend merely upon abstruse conceptions of finality. It arose also from the fact that the case was pending in a district court *in Florida* at the time Thrifty filed its notice of appeal to this court. It has long been "clear that physical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer." *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974); *see also, e.g., Chrysler Credit*, 928 F.2d at 1517 ("[t]he date the papers in the transferred case are docketed in the transferee court also forms the effective date that appellate jurisdiction in the transferor circuit is terminated"). Thrifty's own representations to the Florida district court make clear that Thrifty was aware of this rule; and the Middle District of Florida plainly was a permissible transferee forum for an action against Thrifty and Toyota. *See* 28 U.S.C. §§ 1404(a), 1391(a), (c). Thrifty filed a notice of appeal to this court nonetheless; and Thrifty persisted in the appeal until, after Miller took the time to prepare and file a motion to dismiss, and we took the time to adjudicate it, the appeal was finally and forcibly dismissed. Rule 38 was enacted for cases like this one.

We therefore grant Miller's motion for costs. Rule 38 provides that, upon determining that an appeal is frivolous, we may "award just damages and single or double costs to the appellee." Miller asks for $7,002.85 in actual costs and attorney's fees. Thrifty

does "not challenge this calculation in [its] response[,]" *Taiyo Corp. v. Sheraton Savannah Corp.*, 49 F.3d 1514, 1516 (11th Cir. 1995), and we think the amount reasonable in light of the purposes of the Rule.  Pursuant to Rule 38, therefore, we order Thrifty to pay Miller the amount of $7,002.85.  Further litigation of the issues adjudicated in this order would potentially support an additional award.

So ordered.