RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0273p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

IN RE:  PATSY LEVANG; CHERYL TUCK-SMITH; SUSAN
JENNINGS; MARGO KNORR; KAREN POPE; ANN WITT,
   *Petitioners*.

No. 25-3045

─────────────

On Petition for a Writ of Mandamus

United States District Court for the Southern District of Ohio at Columbus.
No. 2:24-cv-00316—Michael H. Watson, District Judge.

Decided and Filed:  October 3, 2025

Before:  NALBANDIAN, MURPHY, and RITZ, Circuit Judges.

─────────────

## COUNSEL

**ON PETITION FOR A WRIT OF MANDAMUS:**  Angela M. Lavin, Jay R. Carson, WEGMAN HESSLER VALORE, Cleveland, Ohio, for Petitioners. **ON RESPONSE:**  Hon. Michael H. Watson, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, Columbus, Ohio, in pro. per.  Natalie M. McLaughlin, Brian W. Dressel, VORYS, SATER, SEYMOUR AND PEASE LLP, Columbus, Ohio, for Respondents Kappa Kappa Gamma, et al.

─────────────

## OPINION

─────────────

PER CURIAM.  Plaintiffs Patsy Levang, Cheryl Tuck-Smith, Susan Jennings, Margo Knorr, Karen Pope, and Ann Witt petition for a writ of mandamus directing the district court to vacate its order transferring their diversity suit to the District of Wyoming.  We ordered Defendants Kappa Kappa Gamma Fraternity, Fraternity Council President Mary Pat Rooney, Vice Presidents Maria Brown, Nancy Campbell, Barb Goettleman, and Liz Wong, Treasurer Kyle Donnelly, and Panhellenic Delegate Beth Black to respond to the petition, and we invited

the district court to respond as well.  Having considered their responses, we grant the petition for mandamus.

I

Plaintiffs are alumnae and former members of Kappa Kappa Gamma, a national sorority headquartered in Ohio.  They sued Kappa and its current leadership in the Southern District of Ohio over Kappa's membership policies and its decision to admit individuals who identify as transgender.  *See Levang v. Kappa Kappa Gamma Fraternity*, No. 2:24-cv-316, 2024 WL 6048247, at *1 (S.D. Ohio Dec. 19, 2024).  Months before Plaintiffs filed their Ohio suit, a different group of Kappa members at the University of Wyoming sued in the District of Wyoming over their chapter's admission of a transgender student.  *See Westenbroek v. Fraternity*, No. 23-cv-51, 2023 WL 5533307, at *1 (D. Wyo. Aug. 25, 2023).  Believing that the Ohio suit was "duplicative" of the Wyoming suit, the district court transferred the Ohio suit to the District of Wyoming—on its own motion and without briefing from the parties.  *Levang*, 2024 WL 6048247, at *1.  The district court held that it had the "inherent power" to transfer the case under the "first-to-file rule."  *Id.* at *10.

After the transfer, Plaintiffs moved the district court to reconsider its transfer order. Plaintiffs argued (among other things) that transfer was improper under 28 U.S.C. § 1404(a) because the District of Wyoming was not a district "where [the case] might have been brought." 28 U.S.C. § 1404(a).  But because it had already transferred the case, the district court dismissed the motion for lack of jurisdiction.  *See Levang v. Kappa Kappa Gamma Fraternity*, No. 2:24-cv-316, 2025 WL 1235193, at *1 (S.D. Ohio Mar. 18, 2025).  Still, the dismissal order noted that "Plaintiffs focus[ed] on the wrong law" because "the Court did not transfer under § 1404(a)" and instead "exercised its inherent authority to transfer under the first-to-file rule."  *Id.* at *1 n.1.

II

Before reaching the merits, we must ensure ourselves of our jurisdiction.  In the All Writs Act, Congress granted circuit courts the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a); *see In re Univ. of Mich.*, 936 F.3d 460, 466 (6th Cir. 2019).  Yet this Act "does not

enlarge [our appellate] jurisdiction" and we instead must identify a separate source for it. *Clinton v. Goldsmith*, 526 U.S. 529, 535 (1999); *Blay v. Young*, 509 F.2d 650, 651 (6th Cir. 1974) (per curiam). We also typically lack jurisdiction to review nonfinal orders like the district court's transfer order. *See Cunningham v. Hamilton County*, 527 U.S. 198, 203 (1999). But we do have the power to "issue writs of mandamus in aid of" our "*future* appellate jurisdiction." *In re Syncora Guarantee Inc.*, 757 F.3d 511, 515 (6th Cir. 2014) (emphasis added) (citation omitted); *see* 16 Charles A. Wright et al., *Federal Practice and Procedure* § 3932, at 582–83 (3d ed. 2012).

We may issue the writ to protect our future jurisdiction here. We would have appellate jurisdiction over a final judgment issued by the Ohio district court. *See* 28 U.S.C. § 1291. If the transfer proceeds, by contrast, we would lack jurisdiction (or at least venue) to review orders of an out-of-circuit district court in Wyoming. *See id.* § 1294(1). And the Supreme Court has made clear that "a writ of mandamus may issue in aid of the appellate jurisdiction which might otherwise be defeated by the unauthorized action of the court below." *McClellan v. Carland*, 217 U.S. 268, 280 (1910). We thus have jurisdiction to grant the writ of mandamus now because the writ would "aid" our future "jurisdiction[]" to review an appeal at the end of the case. 28 U.S.C. § 1651(a). Indeed, we have granted a writ of mandamus to correct an erroneous out-of-circuit transfer in the past. *See Johnson & Johnson v. Picard*, 282 F.2d 386, 388 (6th Cir. 1960) (per curiam).

Defendants respond that we lack jurisdiction because Plaintiffs did not file their petition until *after* the district court sent the case to the District of Wyoming. But they overread the case on which they rely. True, we have held that "physical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer." *Miller v. Toyota Motor Corp.*, 554 F.3d 653, 655 (6th Cir. 2009) (quoting *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974) (en banc)). But *Miller*'s caveat that the transferee forum must be "permissible" was an important part of its reasoning: we emphasized that the receiving district court "plainly was a permissible transferee forum." *Id.* Why did that fact matter? The circuit court that oversees a transferor court retains mandamus jurisdiction to review an allegedly *illegal* transfer order even if the clerk has completed a "transfer of the

record" to the transferee court. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 n.6 (10th Cir. 1991). So when the petitioner asserts that the transferor court lacked the "power to order the transfer," the transferor district court cannot destroy its respective circuit court's jurisdiction merely by effectuating the transfer quickly. *In re Briscoe*, 976 F.2d 1425, 1427 (D.C. Cir. 1992) (per curiam) (quoting *Starnes*, 512 F.2d at 924 n.6); *see NBS Imaging Sys., Inc. v. U.S. Dist. Ct. for E. Dist. of Cal.*, 841 F.2d 297, 298 (9th Cir. 1988) (order); *Farrell v. Wyatt*, 408 F.2d 662, 664 (2d Cir. 1969).

The contrary rule would create a jurisdictional gap. After all, we have held that an out-of-circuit order transferring a case to a district court in the Sixth Circuit "is not reviewable by this court." *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989). And other circuits generally agree that the *transferee* circuit court "cannot review the action of the transferor court." 15 Wright et al., *supra* § 3855, at 406–07 (4th ed. 2013); *see Thompson v. United States*, 445 F. App'x 878, 881 (7th Cir. 2011); *Posnanski v. Gibney*, 421 F.3d 977, 979–80 (9th Cir. 2005); *Starnes*, 512 F.2d at 924. So if the transferor circuit court lacked jurisdiction, transfer orders would become unreviewable because neither the transferee circuit court nor the transferor circuit court could review them. *Cf. In re Ryze Claims Sols., LLC*, 968 F.3d 701, 707 (7th Cir. 2020).

This law shows that we have jurisdiction here. Plaintiffs have raised a "substantial issue" about the district court's power to transfer the suit to the District of Wyoming. *Briscoe*, 976 F.2d at 1427. They argue that the District of Wyoming was not a "permissible" forum under the change-of-venue statute: 28 U.S.C. § 1404(a). *Miller*, 554 F.3d at 655 (citation omitted). And the transferor circuit court retains jurisdiction over this type of issue ("whether the district court had power to order the transfer") even if the district court's clerk has transferred the "physical" file to that distant court. *See Farrell*, 408 F.2d at 664.

III

Mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). Petitioners must satisfy three conditions before we may issue the

writ.  They "must (1) have no other adequate means of obtaining relief, (2) demonstrate a right to issuance that is clear and indisputable, and (3) show that issuance of the writ is appropriate under the circumstances." *Univ. of Mich.*, 936 F.3d at 466.  Plaintiffs have met all three conditions.

A

*Clear and Indisputable Right*.  The Supreme Court has explained that a petitioner must show a "clear and indisputable" right to mandamus relief.  *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661–62 (1978) (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). We have interpreted this standard to require "a clear abuse of discretion or judicial usurpation of power." *Univ. of Mich.*, 936 F.3d at 466.  In other words, mandamus may issue if district "courts exercise a power beyond [the] authority" that Congress has granted them.  *Id.*

This unlawful exercise of power can often arise in the transfer context.  Indeed, the circuit courts are in "common agreement" that they may grant writs of mandamus "to set aside a transfer if the district court lacks power to transfer or has acted on wrong legal principles."  16 Wright et al., *supra* § 3935.4, at 731 & nn.6–7 (citing cases).  Consider transfers under 28 U.S.C. § 1404(a).  That subsection gives district courts a discretionary power to transfer a case to a more convenient venue: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  *Id.*  But § 1404(a)'s language "expressly limit[s]" a district court's "transfer power" "to those federal districts in which the action 'might have been brought.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting 28 U.S.C. § 1404(a)).  And we and other circuit courts have granted mandamus relief when a district court mistakenly transferred a case under this provision even though the suit could *not* originally "have been brought" in the transferee court.  *Id.*; *see Johnson & Johnson*, 282 F.2d at 387–88; *see, e.g.*, *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 30–33 (3d Cir. 1993); *Hicks v. Duckworth*, 856 F.2d 934, 935–36 (7th Cir. 1988); *Com. Lighting Prods., Inc. v. U.S. Dist. Ct.*, 537 F.2d 1078, 1079 (9th Cir. 1976); *cf. In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983) (per curiam).

The district court in this case exercised a similar type of unauthorized power. Plaintiffs assert in their petition that they could not have brought their suit in the District of Wyoming because that court lacked personal jurisdiction over Defendants. Defendants did not respond to that argument, and we will not "scour the record for other proof" that the District of Wyoming was a permissible transferee forum. *Abu v. Dickson*, 107 F.4th 508, 520 (6th Cir. 2024). We therefore accept that the District of Wyoming was not a forum where the case "might have been brought." 28 U.S.C. § 1404(a). If so, the district court seems to have committed the traditional type of legal error that we can correct via mandamus. *See Johnson & Johnson*, 282 F.2d at 387–88.

To avoid § 1404(a)'s limits, the district court suggested that it had a judge-made "inherent power over docket management" to transfer the case. *Levang*, 2024 WL 6048247, at *10. It expressly rejected § 1404(a)'s applicability after Plaintiffs raised the issue in a motion for reconsideration. *Levang*, 2025 WL 1235193, at *1 n.1. At that time, it reiterated its conclusion that it had the "inherent authority to transfer under the first-to-file rule." *Id.*

This view, too, qualified as a legal error that we may correct through mandamus. By exercising its inherent power in disregard of § 1404(a), the court went beyond "the bounds" of the "authority" that Congress had granted. *Univ. of Mich.*, 936 F.3d at 466. As the Ninth Circuit has explained, the district court's "understanding of the interaction between the first-to-file rule and § 1404(a) would allow a judge-made doctrine to contravene a congressionally enacted statute[.]" *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018). That is not the law. While a court might look to "the first-to-file rule" when deciding how to "exercise" the "discretion" that § 1404(a) gives it, "the requirements of § 1404(a) cabin the exercise of that discretion." *Id.*; *see In re SK hynix Inc.*, 847 F. App'x 847, 853–54 (Fed. Cir. 2021) (order); *Hicks*, 856 F.2d at 936. So the district court's reliance on its inherent authority to avoid § 1404(a)'s limits does not insulate its decision from mandamus review. Instead, it shows the kind of "judicial usurpation of power" that "will justify the invocation" of mandamus. *Cheney*, 542 U.S. at 380 (citation modified).

To be clear, not all erroneous transfer decisions will justify the "extraordinary remedy" of mandamus. *Id.* (citation omitted). District courts have discretion to consider "the convenience

of parties" and "the interest of justice" when making transfer decisions, as long as a case "might have been brought" in the transferee district.  28 U.S.C. § 1404(a); *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981).  And even if a district court wrongly determines that a case might have been brought in the transferee district, mandamus is not a given.  *Cf. Bankers Life*, 346 U.S. at 383.  A petitioner still must show that the transfer decision was a "clear abuse of discretion or usurpation of judicial power."  *Id.* (citation modified).  Because the district court elevated its inherent authority above Congress's limits in § 1404(a), this is one such "exceptional case."  *Id.*; *see Carteret Sav. Bank, FA v. Shushan*, 919 F.2d 225, 232 n.13 (3d Cir. 1990).

B

*No Adequate Alternative Remedy*.  Even if they have a clear legal right to relief, Plaintiffs must still show that they have "no other *adequate, specific, legal* remedy."  *Univ. of Mich.*, 936 F.3d at 466 (quoting *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 152 (1803)).  But mandamus need not be the only possible remedy to satisfy the no-adequate-remedy requirement.  At common law, for example, if it was "doubtful whether there be another effectual remedy" or "if the other remedy be obsolete or inconvenient," the writ could still issue.  Thomas Tapping, *The Law and Practice of the High Prerogative Writ of Mandamus, as It Obtains Both in England, and in Ireland* 71 (Phila., T. & J.W. Johnson 1853).  So the "mere fact that there is another remedy does not preclude the issue of a mandamus, the question always is, whether there is another adequate and efficient remedy."  Horace G. Wood, *A Treatise on the Legal Remedies of Mandamus and Prohibition, Habeas Corpus, Certiorari, and Quo Warranto* 35 (2d ed., Albany, W.C. Little & Co. 1891).  "In other words, it is not merely the absence of other legal remedies, but their inadequacy coupled with the danger of failure of justice . . . ."  2 Thomas C. Spelling, *A Treatise on Injunctions and Other Extraordinary Remedies* § 1375 (2d ed. 1901); *see* Forrest G. Ferris & Forrest G. Ferris, Jr., *The Law of Extraordinary Legal Remedies* § 213 (1926).

Our cases comport with this historical practice.  We have, for example, issued the writ when a permissive interlocutory appeal under 28 U.S.C. § 1292(b) was "theoretically available," but it was "plain that any attempt to obtain certification . . . would have been futile."  *In re Chimenti*, 79 F.3d 534, 539–40 (6th Cir. 1996).  The district court in that case wrongly refused to remand a maritime case to state court under 28 U.S.C. § 1333(1), and the plaintiffs petitioned for

mandamus without seeking leave to file an interlocutory appeal. *Id.* at 536, 538. We held that "the failure to seek interlocutory review under § 1292(b) does not automatically preclude issuance of the writ of mandamus." *Id.* at 538–39. Because the district court had denied the motion to remand and a motion for reconsideration, § 1292 "was not an adequate remedy." *Id.* at 540.

Similar logic applies here. Defendants argue that Plaintiffs have an adequate alternative remedy: they could move for the Wyoming district court to retransfer the case back to the Ohio district court. But that remedy could prove more "illusory" than adequate. *See Def. Distributed v. Bruck*, 30 F.4th 414, 425 (5th Cir. 2022). "[T]he transferee court generally will defer to the transferor court's rulings on matters of law" under "the law of the case doctrine." 15 Wright et al., *supra* § 3855, at 406; *see id.* § 3846, at 98–99. In fact, "the law of the case doctrine applies 'with even greater force to transfer decisions than to decisions of substantive law'" because of "the possibility of forcing a transferred case into perpetual litigation by playing 'jurisdictional ping-pong.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Christianson v. Colt*, 486 U.S. 800, 816 (1988)). So while a motion to retransfer is "theoretically available," the high likelihood it would be "futile" is enough to make it inadequate for mandamus purposes. *Chimenti*, 79 F.3d at 539–40. And even if the Wyoming court transferred the suit back to the Ohio court, nothing would prevent the latter court from transferring it a second time. A remedy is not adequate if it would allow a suit to "wander between circuits like the Ancient Mariner." *Hicks*, 856 F.2d at 935.

Our existing precedent all but compels this result. As noted, we have granted mandamus relief in identical circumstances. *See Johnson & Johnson*, 282 F.2d at 387–88. If we treated a motion to retransfer as an adequate remedy in this case, it likely would have been an adequate remedy in *Johnson & Johnson* too. And while *Johnson & Johnson* did not discuss the possibility of a retransfer motion, its grant of relief would sit uncomfortably with a denial in this case. Aside from *Johnson & Johnson*, we have recognized that a challenge to a district court's inter-circuit transfer "is properly presented in this Court by petition for writs of mandamus and prohibition" even when we have denied that relief. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir. 1961). We have also reiterated this point when addressing a case that a district

court in the Seventh Circuit had transferred to a district court in our circuit. *See Skil Corp. v. Millers Falls Co.*, 541 F.2d 554, 557 (6th Cir. 1976). A party in that case had sought mandamus relief in the Seventh Circuit, but that circuit had denied this relief. *See id.* at 556. The party then asked the district court in our circuit to retransfer the case back to the Seventh Circuit. *See id.* The district court denied this motion but allowed an interlocutory appeal. *See id.* We held that the Seventh Circuit's denial of mandamus relief qualified as res judicata that barred us from reconsidering the propriety of the transfer out of the Seventh Circuit. *See id.* at 556–58. In the process, we reiterated that "[m]andamus is the proper remedy when a transfer has been ordered in violation of the legal limitations of § 1404(a)." *Id.* at 557. And we observed that if the district court in the Seventh Circuit had lacked the power to transfer, "the Seventh Circuit would have been required to issue the writ." *Id.* We would not have deferred to the Seventh Circuit if we thought that it could deny a mandamus petition on the ground that a retransfer motion was the proper route to relief.

In its response to Plaintiffs' petition, the district court suggested that our decision in *In re American President Lines, Ltd.*, 929 F.2d 226 (6th Cir. 1991) (order), had held that a motion to retransfer is an adequate alternative remedy. But *American President Lines* did not go that far. While we noted that there was a pending "motion to remand" in the transferee court, we did not deny mandamus because that motion provided an adequate remedy. *Id.* at 227. Rather, we denied mandamus because both the motion to remand and the mandamus petition involved issues that required "factual findings that are properly resolved in the district court." *Id.* Here, by contrast, the parties dispute no facts. Rather, we must resolve a purely legal question: Does a district court have any inherent authority to transfer a case outside § 1404(a)'s limits? The answer is no.

Apart from our own precedent, other circuit courts generally agree that petitioners may rely on mandamus to correct errors of law in inter-circuit transfers. *See Pfizer, Inc. v. Lord*, 447 F.2d 122, 125 (2d Cir. 1971) (per curiam); *In re Howmedica Osteonics Corp*, 867 F.3d 390, 400–01 (3d Cir. 2017); *TechnoSteel, LLC v. Beers Constr. Co.*, 271 F.3d 151, 154 n.2 (4th Cir. 2001); *Def. Distributed*, 30 F.4th at 424–26; *Hicks*, 856 F.2d at 935; *Caleshu v. Wangelin*, 549 F.2d 93, 96 & n.4 (8th Cir. 1977); *Com. Lighting Prods.*, 537 F.2d at 1079; *Relf v. Gasch*, 511 F.2d 804,

808 & n.21 (D.C. Cir. 1975).  True, not all those opinions discuss the adequacy of a motion to retransfer.  But a party could file a retransfer motion in *every* transfer case.  If such a motion qualifies as an adequate remedy, then, courts should *never* grant mandamus relief.

We could find only opinions in the Tenth Circuit finding that retransfer motions qualify as adequate alternative remedies when denying mandamus relief.  *See, e.g.*, *Petersen v. Douglas Cnty. Bank & Tr. Co.*, 940 F.2d 1389, 1392 (10th Cir. 1991).  But it did not address the historical foundations of mandamus or the potential law-of-the-case obstacles to retransfer motions.  So consistent with history, our own precedent, and the precedent in most other circuits, we hold that a retransfer motion in the transferee circuit is not an adequate alternative remedy that precludes mandamus.

One last point: it is worth highlighting the difference between discretionary transfers under § 1404(a) and mandatory transfers under 28 U.S.C. § 1406(a).  Section 1406(a) requires a district court to dismiss or transfer a case when the court does not qualify as a proper venue under the venue statutes.  *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 58–59 (2013).  And the same circuit courts that have found mandamus *appropriate* under § 1404(a) have generally found it *inappropriate* under § 1406(a).  *See, e.g.*, *In re HTC Corp.*, 889 F.3d 1349, 1352–54 & n.5 (Fed. Cir. 2018); *In re LimitNone, LLC*, 551 F.3d 572, 575–76 (7th Cir. 2008) (per curiam); *see also In re Walton*, No. 24-3045, 2024 U.S. App. LEXIS 8277, at *2 (6th Cir. Apr. 5, 2024) (order); *In re Tucker*, No. 20-5800, 2020 U.S. App. LEXIS 31530, at *2 (6th Cir. Oct. 2, 2020) (order).

What might explain this difference?  Most notably, Supreme Court decisions point in different directions for the different statutes.  The Court has denied a mandamus petition seeking to vacate a § 1406(a) transfer in part because the transfer was "reviewable upon appeal after final judgment."  *Bankers Life*, 346 U.S. at 382.  At the same time, the Court has reviewed mandamus petitions challenging § 1404(a) transfers after *Bankers Life*.  *See Van Dusen*, 376 U.S. at 615 & n.3; *Hoffman v. Blaski*, 363 U.S. 335, 340 (1960).  While the Court did not consider the "[p]ropriety of the remedy of mandamus" in those cases, it did suggest that mandamus is proper to correct erroneous § 1404(a) transfers.  *Hoffman*, 363 U.S. at 340; *Van Dusen*, 376 U.S. at 615 n.3.

That said, we should think twice before reading *Bankers Life* to suggest that it *categorically* bars mandamus relief for transfers under § 1406(a). The district court in *Bankers Life* transferred the case to another district court *in the same circuit*. *See* 346 U.S. at 380–81, 384. The Court thus found the transfer "reviewable upon appeal after final judgment" because "the same court of appeals which has denied the writ" could still review the transfer order later given that "both of the districts [were] within that circuit." *Id.* at 382, 384. If a district court transfers a case to a court in a *different* circuit, by contrast, the transferee circuit court "cannot review the action of the transferor court." 15 Wright et al., *supra* § 3855, at 406–07; *see Posnanski*, 421 F.3d at 979–80; *Lewelling*, 879 F.2d at 218. In that context, then, it is not obvious that an appeal after a final judgment qualifies as an adequate remedy. No party in our unpublished decisions in *Tucker* and *Walton* raised this distinction so we did not need to consider it. *See* Petition, *In re Walton*, No. 24-3045 (6th Cir. Jan. 18, 2024); Petition, *In re Tucker*, No. 20-5800 (6th Cir. July 15, 2020). Nor was it clear that those petitioners had shown a "clear and indisputable" right to mandamus relief. *Will*, 437 U.S. at 662 (citation omitted). Regardless, this case does not involve a transfer under § 1406(a), so we need not consider the propriety of mandamus relief in that distinct context.

C

*Appropriate Under the Circumstances*. Even if a petitioner satisfies the other two factors, courts still have discretion over whether to grant mandamus relief under the totality of the circumstances. *See Cheney*, 542 U.S. at 381. We find the exercise of that discretion appropriate here for two reasons. To start, "[a]lmost all courts agree that" a writ of mandamus "can be used if the trial court made an error of law, such as ordering transfer to a forum that is not proper under the statute." 15 Wright et al., *supra* § 3855, at 415. The district court committed such an error of law by holding that the requirements of § 1404(a) did not apply. *See Levang*, 2025 WL 1235193, at *1 n.1. Next, the district court ordered a "transfer on its own motion and without indication from any party that this forum would be inconvenient." *In re Chatman-Bey*, 718 F.2d 484, 485 (D.C. Cir. 1983) (per curiam); *see* 15 Wright et al., *supra* § 3855, at 415. Because the court's sua sponte actions show even more that it committed a

"clear case of judicial overstep," mandamus is the appropriate remedy. *Univ. of Mich.*, 936 F.3d at 467.

* * *

Accordingly, the petition for a writ of mandamus is **GRANTED**. The United States District Court for the Southern District of Ohio is directed to request retransfer of the underlying case from the United States District Court for the District of Wyoming.