*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 11a0103p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————

MICHAEL GRESHAM,

        *Movant-Appellant,*

YVETTE JONES, Personal Representative of
the Estate of Raymond E. Jones, Deceased
Estate of,

        *Plaintiff-Appellee,*

    *v.*

CORRECTIONAL MEDICAL SERVICES, INC., et
al.,

        *Defendants-Appellees.*

No. 10-2467

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 09-00392—Paul Lewis Maloney, Chief District Judge.

Decided and Filed: April 25, 2011

Before: KEITH, MARTIN, and COOK, Circuit Judges.

—————————————

**OPINION**

—————————————

BOYCE F. MARTIN, JR., Circuit Judge. This matter is before the court upon consideration of the motion filed by Correctional Medical Services, Inc.; Badawi Abdellatif, M.D.; and Craig Hutchinson, M.D., to dismiss appeal Nos. 10-2106 and 10-2467 for lack of jurisdiction. This court will address the motion only as it applies to appeal No. 10-2467 because this court on February 4, 2011 dismissed appeal No. 10-2106 for lack of jurisdiction.

It is argued in the motion to dismiss that this court lacks jurisdiction to hear appeals taken directly from magistrate judges' decisions, that the order denying Michael Gresham's motion to intervene is not immediately appealable, and that there has not

been a final decision entered in the case by the district court. Gresham responded in opposition stating that this court should remand the case so that he may participate in the upcoming trial, that he is asserting similar rights to those presented by Yvette Jones in the pending 42 U.S.C. § 1983 civil rights action, that his appeal should not wait until the district court case is adjudicated, and that the presentation of his claims of inadequate medical treatment and abusive treatment by prison staff would support the claims made by Jones regarding the death of Raymond. E. Jones. Gresham also argues the merits of his case.

Yvette Jones, as the personal representative of the estate of Raymond E. Jones, filed a 42 U.S.C. § 1983 civil rights action in the district court on April 28, 2009. In December of 2009, the district court partially dismissed the case. On March 18, 2010, the district court granted Jones's motion for leave to amend the complaint.

In July of 2010, Gresham filed motions for joinder, for appointment of counsel, to amend the complaint in order to bring his own claims before the court, and to certify the case as a class action. Jones opposed Gresham's request to be joined as a plaintiff in the action. Gresham filed several more motions in the district court on July 22, 2010. On August 2, 2010, the magistrate judge denied all of Gresham's motions and struck his proposed pleadings after determining that Federal Rule of Civil Procedure 24 did not support Gresham's attempts to incorporate his claims into the action brought by Jones.

On August 13, 2010, Gresham sought review of the magistrate judge's ruling by the district court, and by this court (appeal No. 10-2106). The district court judge affirmed the magistrate judge's rulings by order entered on August 25, 2010.

On October 25, 2010, Gresham filed a document in the district court entitled "NOTICE OF APPEAL (ALSO) MOTION TO COMPELL [SIC] ATTORNEY GENERAL/U.S. DISTRICT COURT TO PROVIDE RECORDS OF ALL LOWER COURT PROCEEDINGS . . . ." The district court docketed the October 25, 2010 document from Gresham as a notice of appeal, and this court docketed it as appeal No. 10-2467. On that document, Gresham listed both appeal No. 10-2106 and the district court civil action No. 09-00392. The notice of appeal appears to seek this court to direct

either the attorney general or the district court to supply him with copies of all the documents filed in the district court.

This court has jurisdiction to review final decisions of the district court as provided by 28 U.S.C. § 1291, but no final or appealable order terminating all the issues presented in the litigation has been entered by the district court. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373-75 (1981); *Catlin v. United States*, 324 U.S. 229, 233-34 (1945); *Bonner v. Perry*, 564 F.3d 424, 426-28 (6th Cir. 2009). Nor has any order been entered which is immediately appealable under the "collateral order" doctrine announced in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). Moreover, Gresham is not a party to the district court action, his October 25, 2010 notice of appeal docketed as appeal No. 10-2467 does not seek review by this court of any specific order entered by the district court judge, and the notice of appeal was not filed within the appeal period of any order entered by the district court judge. *See* Fed. R. App. P. 4(a).

To the extent that the notice of appeal may be treated as a petition for a writ of mandamus, this court must deny relief. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *In re Am. President Lines, Ltd.*, 929 F.2d 226, 227 (6th Cir. 1991). Gresham has failed to show that he is entitled to be supplied copies of all the documents filed in district court action No. 09-00392.

It is ordered that appeal No. 10-2467 be dismissed, and the notice of appeal to the extent it may be construed as a petition for a writ of mandamus is denied.