*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 12a0080p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

CLIFFORD LEON HOUSTON,

      *Plaintiff-Appellant,*

    *v.*

JAMES F. LOGAN, JR.,

      *Defendant-Appellee.*

No. 11-6379

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 11-00097—Thomas W. Phillips, District Judge.

Decided and Filed: March 21, 2012

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** James F. Logan, Jr., LOGAN-THOMPSON, P.C., Cleveland, Tennessee, for Appellee. Clifford Leon Houston, Ten Mile, Tennessee, pro se.

_____

**OPINION**

_____

PER CURIAM. This matter is before us upon initial consideration to determine whether Clifford Houston's appeal is properly before the court.

The record establishes that the district court entered an order on November 3, 2011, denying Houston's third motion to recuse United States District Court Judge Thomas W. Phillips. Houston filed his notice of appeal from that order on November 3, 2011.

Although an order denying recusal is generally not immediately appealable, it may be reviewed in a mandamus proceeding. *In re Aetna Cas. & Sur. Co.*, 919 F.2d 1136, 1143 (6th Cir. 1990) (en banc). A notice of appeal from an order which is not immediately appealable may be treated as a petition for a writ of mandamus. *Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445, 451 n.3 (6th Cir. 1993), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633 (6th Cir. 2008); *Hammons v. Teamsters Local No. 20*, 754 F.2d 177, 179 (6th Cir. 1985); *see also Gresham v. Corr. Med. Servs., Inc.*, 650 F.3d 628, 630 (6th Cir. 2011). However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *In re Am. President Lines, Ltd.*, 929 F.2d 226, 227 (6th Cir. 1991). An order denying recusal is reviewed for an abuse of discretion. *Reed v. Rhodes*, 179 F.3d 453, 467 n.1 (6th Cir. 1999). Unfavorable rulings by a district court judge are almost never a sufficient basis upon which to infer bias, and this court is not convinced that the district court abused its discretion in denying recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979).

In construing Houston's notice of appeal as a petition for a writ of mandamus, we find that the notice does not meet the requirements entitling Houston to mandamus relief. *See In re Metro. Gov't of Nashville & Davidson Cnty.*, 606 F.3d 855, 863-64 (6th Cir. 2010). Therefore, it is ordered that the appeal is dismissed, and the notice of appeal, construed as a petition for writ of mandamus, is denied. Houston may raise his recusal issues, however, in his appeal from the district court's judgment in *Houston v. Logan*, No. 3:11-cv-97 (E.D. Tenn. Dec. 21, 2011).