*456 KETHLEDGE, Circuit Judge.
Old Blast, Inc. and Joyce Denonville sued the Operating Engineers Local 324 Pension Fund, arguing that ERISA’s imposition upon Old Blast of withdrawal liability to the Fund was unconstitutional. The district court granted the Fund’s motion to dismiss. We affirm.
I.
Old Blast was a Michigan corporation that employed members of the Operating Engineers Local 324 Union. Old Blast and the Union entered into a collective bargaining agreement that required Old Blast to contribute money to the Fund, a multi-employer pension plan, on behalf of Old Blast’s employees. The Fund is administered under the Employee Retirement Income Security Act (“ERISA”), 29 U.S.C. § 1001 et seq. [R. 12, PagelD 116.]
In 2010, Power Vac of Michigan, Inc. purchased Old Blast’s assets, agreeing to pay Old Blast in installments over the next several years. Old Blast then dissolved and withdrew from the Fund. But ERISA requires an employer that withdraws from a multi-employer pension plan to pay the plan the amount of any “unfunded vested benefits” owed to its workers. 29 U.S.C. § 1381(b). The Fund gave Old Blast written notice that Old Blast owed $204,665 in withdrawal liability under § U.S.C. 1381(b). [Case No. 11-3921, DE 1, PagelD 3.] When Old Blast failed to pay, the Fund sued Old Blast in federal court to recover the withdrawal liability. [Id. at 1-4.] Old Blast did not challenge the Fund’s assessment of withdrawal liability, and instead entered into a consent judgment with the Fund that required Old Blast to pay $239,871.28 in withdrawal liability, costs, and fees. [Id., DE 11.] Joyce Denonville, Old Blast’s sole shareholder, signed the consent judgment on the corporation’s behalf. [Id.]
To enforce the judgment, the Fund petitioned the same district court to garnish, on behalf of the Fund, Power Vac’s payments to Old Blast under the sale agreement. Denonville moved to intervene in the garnishment proceedings in her individual capacity. The district court denied Denon-ville’s motion and granted the Fund’s request for garnishment. [Id., DE 35.] The Fund then began garnishing Power Vac’s payments to Old Blast.
Nearly three years later, Old Blast and Denonville brought this lawsuit against the Fund, arguing that ERISA’s withdrawal-liability provision; § U.S.C. 1381(b), is unconstitutional as applied to Old Blast. [R. 1.] The Fund moved to dismiss, arguing among other things that Denonville lacked standing to challenge the withdrawal liability, that Old Blast’s claims were barred by res judicata, and that the plaintiffs’ claims were meritless. [R. 4.] The district court granted the motion for failure to state a claim, holding that § U.S.C. 1381(b) was constitutional as applied to Old Blast. [R. 12.] Denonville and Old Blast then moved to amend the judgment and to file an amended complaint. [R. 14; R. 15.] The district court denied those motions. This appeal followed.
II..
We review the district court’s decision de novo. Booth Family Trust v. Jeffries, 640 F.3d 134, 139 (6th Cir. 2011). We may “affirm on any grounds supported by the record even if different from the reasons of the district court.” Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc., 280 F.3d 619, 629 (6th Cir. 2002).
As a threshold matter, the Fund argues that Denonville lacks standing to challenge the imposition of withdrawal liability upon Old Blast. To establish Article III standing at the pleading stage of a *457 case, a plaintiff must allege a personal injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Meanwhile, “a shareholder of a corporation does not have a personal or individual right of action based solely on an injury to the corporation.” Gaff v. Fed. Deposit Ins. Corp., 814 F.2d 311, 315 (6th Cir. 1987), modified at 933 F.2d 400 (6th Cir. 1991). Instead, only the corporation, or a shareholder acting derivatively, can sue to recover damages for a corporate injury. Id. This rule applies even in cases where the person seeking redress is the corporation’s sole shareholder. Canderm Pharmacal, Ltd. v. Elder Pharm., Inc., 862 F.2d 597, 602-03 (6th Cir. 1988). Of course, a shareholder may sue in an individual capacity if she suffers an injury that is “separate and distinct” from the corporation’s injury. Gaff, 814 F.2d at 315. But depreciation in the value of a shareholder’s stock in a corporation does not establish “the type of direct, personal injury which is necessary to sustain a direct cause of action.” Id.
Here, the Fund has not taken any action against Denonville directly. Instead, the Fund garnished Power Vac’s payments to Old Blast, which in turn made Denonville’s interest in Old Blast valueless. The Fund’s garnishment of Power Vac’s payments to Old Blast affects Denonville only indirectly, and thus she suffered no harm “separate and distinct” from that of Old Blast. See Gaff, 814 F.2d at 315. She therefore lacks standing to bring individual claims against the Fund, and we affirm the dismissal of her claims.
The Fund argues that Old Blast’s claims, in turn, are barred by the doctrine of res judicata. Under that doctrine, “a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action.” In re Alfes, 709 F.3d 631, 638 (6th Cir. 2013) (internal quotation marks omitted). “Issues,” for the purposes of this rule, include defenses to recovery. See Brown v. Felsen, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).
Res judicata has four elements:
a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have' been litigated in the prior action; and (4) an identity of the causes of action.
Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995).
As to the first element, the consent judgment is a final decision on the merits of the prior litigation regarding Old Blast’s withdrawal liability. The plaintiffs respond that “consent settlements” are not final decisions for the purposes of res judicata. Reply Br. at 3. But here the parties entered a consent judgment; and “[a] consent judgment, which has been freely negotiated by the parties and has been approved by the court, has the full effect of final judgment for purposes of [res judicata].” Blakely v. United States, 276 F.3d 853, 866 (6th Cir. 2002). Moreover, that judgment was signed by Old Blast (with Denonville wielding the pen) and by the Fund. The first and second elements of res judicata are therefore met.
As to the third element, in the pri- or case Old Blast could have challenged the constitutionality of the withdrawal liability but did not. And the defense that Old Blast seeks to raise now pertains to the very same “transaction”—the imposition of withdrawal liability upon Old Blast under § U.S.C. 1381(b)—as the prior lawsuit. See Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 529 (6th Cir. 2006). Old Blast *458 therefore should have raised the defense in the prior litigation, and hence this element too is met.
Finally, the fourth element requires an “identity” of claims. Kane, 71 F.3d at 560. Causes of action share an identity “if they are based on substantially the same operative facts, regardless of the relief sought in each suit.” United States v. Tohono, 563 U.S. 307, 317, 131 S.Ct. 1723, 179 L.Ed.2d 723 (2011). The Fund’s claims for withdrawal liability in the earlier action, and Old Blast’s defense to that same liability now, are based on the same operative facts. The parties merely draw different legal conclusions from them. The fourth element is therefore met, and Old Blast’s claims are barred.
The plaintiffs also appeal the district court’s denial of the motions to amend the judgment and file an amended complaint. These arguments go to the merits of the plaintiffs’ constitutional challenge, which as shown above make no different to the outcome of this case. The district court therefore did not abuse its discretion by denying the motions.
The district court’s judgment is affirmed.