NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0061n.06

No. 16-1260

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 24, 2017
DEBORAH S. HUNT, Clerk

OLD BLAST, INC., et al.,

      Plaintiffs-Appellants,

v.

OPERATING ENGINEERS LOCAL 324 PENSION
FUND,

      Defendant-Appellee.

ORDER

Before: CLAY, KETHLEDGE, and DONALD, Circuit Judges.

Old Blast, Inc. and Joyce Denonville sued the Operating Engineers Local 324 Pension Fund, arguing that ERISA's imposition upon Old Blast of withdrawal liability to the Fund was unconstitutional. The district court granted the Fund's motion to dismiss. We affirmed on procedural grounds, holding that Denonville lacked standing and Old Blast's claims were barred by res judicata. In a concurring opinion, Judge Clay explained that Old Blast and Denonville's substantive arguments also failed on the merits, noting specifically that "Old Blast's facial constitutional challenge was meritless, and arguably frivolous." *Old Blast, Inc. v. Operating Eng'rs Local 324 Pension Fund*, No. 16-1260, 2016 WL 6407244, at *4 (6th Cir. Oct. 31, 2016). The Fund then filed a motion for attorney's fees in the amount of $8,190, and the plaintiffs filed a response. We now grant the Fund's motion under Federal Rule of Appellate Procedure 38.

Rule 38 "affords us discretion to assess just damages when confronted with a frivolous appeal." *Miller v. Toyota Motor Corp.*, 554 F.3d 653, 654 (6th Cir. 2009) (internal quotation marks and citation omitted). We can issue sanctions under Rule 38 if we determine that an appeal was frivolous. *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016). An appeal is frivolous if it had "no reasonable expectation of altering the district court's judgment." *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 676 (6th Cir. 1999).

Here, the plaintiffs had no prospect whatsoever of altering the district court's judgment based on the arguments they presented to this Court. Specifically, the plaintiffs offered no response to the Fund's arguments that Denonville lacked standing as a shareholder and that Old Blast's claims were barred by res judicata. Both of those arguments were plainly correct, and both were adopted by this Court. Moreover, as Judge Clay thoroughly explained in his concurrence, the plaintiffs' substantive arguments were meritless. *See Old Blast*, 2016 WL 6407244, at *3-4. The plaintiffs' counsel simply should have known better than to pursue an appeal on the grounds presented here.

The appeal in this case was frivolous. We therefore grant the Fund's motion for attorney's fees in the amount of $8,190, which shall be paid by the plaintiffs' appellate counsel rather than by the plaintiffs themselves.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk