**Anica ASHBOURNE, Appellant**

v.

**Donna HANSBERRY, Director,
GHW, et al., Appellees**

**No. 15-5351
September Term, 2017**

United States Court of Appeals,
District of Columbia Circuit.

Filed on: November 3, 2017

Anica Ashbourne, Pro Se

R. Craig Lawrence, Benton Gregory Peterson, Esquire, Assistant U.S. Attorney, U.S. Attorney's Office, (USA) Civil Division, Washington, DC, for Defendants-Appellees

Before: Srinivasan, Circuit Judge, and Williams and Randolph, Senior Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs filed by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has accorded the issues full consideration and determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the district court's judgment is affirmed.

Ashbourne appeals from the district court's grant of summary judgment on her claims against the Treasury Department. She claims that the Department terminated her probationary employment in violation of the Privacy Act and the Fifth Amendment. Her Privacy Act claims impermissibly recast a federal personnel management decision as a factual challenge under 5 U.S.C. § 552a(g)(1)(C). *See, e.g., Albright v. United States*, 732 F.2d 181, 190 (D.C. Cir. 1984). Further, Ashbourne received adequate process to protect her interest in her professional reputation. Accordingly, the judgment of the district court is affirmed.

In its Notice of Proposed Termination, the Department found that Ashbourne's description of her work experience at Ashbourne & Company and C.J. Johnson, Inc. was "misleading." As to Ashbourne & Company, the Department's conclusion rested on discrepancies between Ashbourne's resume and e-QIP submissions, all submitted by Ashbourne herself. Ashbourne does not challenge the factual accuracy of these records. She therefore has no basis under the Privacy Act for disputing the Department's determination. *See, e.g., Kleiman v. Dep't of Energy*, 956 F.2d 335, 337–38 (D.C. Cir. 1992).

As to C.J. Johnson, Inc., the Department's conclusion rested on discrepancies between Ashbourne's account—that she resigned from the company—and her former supervisor's account—that she was fired. Ashbourne does not challenge her supervisor's affidavit, but argues that the Department was required to take reasonable steps to verify whose account was true. *See Sellers v. Bureau of Prisons*, 959 F.2d 307, 312 (D.C. Cir. 1992). The Department satisfied this obligation by giving Ashbourne an opportunity to explain the discrepancy by submitting affidavits with the help of counsel. Ashbourne's response did not mention the factual discrepancy that forms the basis of this Privacy Act claim. Without notice, the Department was under no continued duty to verify each factual matter mentioned in her supervisor's affidavit through an independent inquiry into third-party sources and documents. *Cf. McCready v. Nicholson*, 465 F.3d 1, 19 (D.C. Cir. 2006) (further inquiry was necessary "in light of McCready having brought her attendance at the committee meeting to the Inspector General's attention"). When the Department's further inquiry did not reveal whose account was accurate, the Department followed *Doe v. United States*, 821 F.2d 694 (D.C. Cir. 1987) (en banc), by including both her and her supervisor's accounts in her file.

Ashbourne's Fifth Amendment claim also fails. Even if we assume arguendo that Ashbourne's termination sufficiently "stigmatized ... her reputation" so as to infringe her "protected liberty interest in reputation," *Doe v. U.S. Dep't of Justice,*

753 F.2d 1092, 1111 (D.C. Cir. 1985), she was given a sufficient "opportunity to clear [her] name." *Codd v. Velger*, 429 U.S. 624, 627, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977). Due process requires only that the Department "must provide notice of the charges and an opportunity to refute them effectively." *McCormick v. District of Columbia*, 752 F.3d 980, 989 (D.C. Cir. 2014). By allowing Ashbourne to challenge the termination decision through affidavits with the help of counsel in accordance with the Civil Service Reform Act, *see* 5 C.F.R. § 315.805, the Department afforded Ashbourne adequate process.

Pursuant to D.C. CIR. R. 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.