**No. 20-7010**                                    **September Term, 2020**

**1:16-cv-01720-RDM**

**Filed On:** November 6, 2020

Doyle R. Ham, Jr.,

       Appellant

     v.

District of Columbia,

       Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Rogers, and Walker, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion for appointment of counsel, the motion for leave to file a supplemental appendix, and the supplemental appendix, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for leave to file a supplemental appendix be granted. The Clerk is directed to file the lodged supplemental appendix. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders filed May 1, 2017, and January 9, 2020, be affirmed. In his complaint, appellant alleged that the Metropolitan Police Department unlawfully discriminated against him on the basis of race when it chose not to hire him on two occasions. The district court correctly concluded that appellant's claims regarding his earlier non-selection are barred by res judicata because those claims were previously rejected in a valid, final judgment on the merits by a court of competent jurisdiction in Ham v. Metropolitan Police Department, No. 13-1527, 2014 WL 98641 (D.D.C. Jan. 10, 2014). See Ashbourne v. Hansberry, 894 F.3d 298, 302 (D.C. Cir. 2018). The district court also correctly concluded that

appellant did not present sufficient evidence for a reasonable jury to conclude that appellee's asserted nondiscriminatory reasons for denying his 2015 application were pretextual.  See Burley v. Nat'l Passenger Rail Corp., 801 F.3d 290, 301 (D.C. Cir. 2015).  Finally, the district court correctly concluded that appellant failed to present sufficient evidence for a reasonable jury to conclude that appellee's decision not to hire him in 2015 was the result of unlawful retaliation.  See Univ. of Tx. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 352 (2013).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk