# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 4, 2021            Decided July 23, 2021

No. 20-5263

MARIA A. SAUNDERS,
APPELLANT

v.

KILOLO KIJAKAZI, ACTING COMMISSIONER, SSA,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-02492)

*Christine P. Benagh* argued the cause and filed the briefs for appellant. *Elliott Andalman* entered an appearance.

*Johnny H. Walker*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief was *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: WILKINS and RAO, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* WILKINS.

WILKINS, *Circuit Judge*: Maria Saunders appeals the Social Security Administration's denial of her disability claim. In 2014, Saunders slipped on ice at work. She filed for disability benefits, which an Administrative Law Judge ("ALJ") denied after a 2017 hearing. On appeal, Saunders raises several claims, including that the ALJ failed to consider certain medical opinions. We agree with Saunders and reverse and remand to the District Court with instructions to remand to the Commissioner.

## I.

Appellant Maria Saunders worked as a bus attendant for the Washington, D.C., school system. In this role, Appellant helped students with special needs and those in wheelchairs on and off the bus. On January 7, 2014, Appellant slipped and fell on ice at work, suffering a hip contusion and back pain. When she first received medical attention at the emergency room, Appellant was prescribed heat, Bengay, salt soaks, ibuprofen, and muscle relaxants. Appellant never returned to work. Instead, she filed a disability claim with the Social Security Administration ("SSA" or "Commissioner") six months after her fall. Over the next three years, Appellant proceeded to receive dozens of medical opinions, including multiple opinions from two treating physicians: Dr. Williams, Appellant's generalist, and Dr. Liberman, Appellant's neurologist. Appellant also applied for and received disability benefits from the Washington, D.C., workers' compensation board.

In November 2017, an ALJ held a hearing for Appellant after her federal disability claims were denied on reconsideration. The ALJ heard Appellant's testimony and heard testimony from a vocational expert. Relying on the Dictionary of Occupational Titles, the vocational expert

testified that the closest job description was that of a bus attendant, which the Dictionary of Occupational Titles defines as "light work."[1] But the vocational expert acknowledged that the job description was not an exact match and that, as performed by Appellant, it was heavy work.

A few months later, the ALJ issued her decision and concluded that Appellant was not disabled. The ALJ evaluated the medical evidence before turning to some—but not all—of the medical opinions that Appellant provided. First, the ALJ gave "some" weight to the medical opinions offered by the District of Columbia agency consultants—Dr. Walter Goo and Dr. Alex Hemphill—who opined that Appellant could carry up to twenty pounds occasionally and up to ten pounds regularly, but the ALJ ultimately concluded that Appellant could perform the full range of light work. J.A. 6. Second, the ALJ gave "some" weight to Dr. Stanley Rothschild, who examined Appellant in August 2017 and noted that Appellant's MRI test showed nothing atypical, but the ALJ refused to give weight to Dr. Rothschild's conclusion that Appellant could return to work. J.A. 6–7. Third, the ALJ gave "little" weight to Dr. Eugene Miknowski, who examined Appellant in November 2014, because most of his findings were inconsistent with the medical evidence. J.A. 7. Fourth, and notably for the purposes of this appeal, Appellant gave "no weight to the opinion offered by Dr. Joseph Lieberman [*sic*], M.D., in November 2017," where Dr. Liberman opined that

---

[1] Light work is work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," "requires a good deal of walking or standing," or "involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). A claimant is considered capable of performing a full or wide range of light work only if he or she has "the ability to do substantially all of these activities." *Id.*

Appellant was permanently disabled. *Id.* Significantly, Appellant had also visited Dr. Liberman—her treating neurologist—in December 2014, but the ALJ made no note of this visit and the ensuing medical opinion. *Cf. id.* Fifth, the ALJ gave no weight to the disability certificate produced by Dr. Peter Lavine in October 2014. *Id.* Finally, the ALJ considered some (but not all) of the opinions offered by Dr. Edwin Williams—Appellant's treating generalist—but accorded them "little" or no weight because the opinions were inconsistent with the medical evidence, some were pronouncements of disability, and because Dr. Williams was a primary care provider, not a specialist. J.A. 7–8.

Turning to the question of whether Appellant could perform her old job, the ALJ placed considerable weight on the vocational expert's testimony. In so doing, the ALJ concluded that the job description offered by the vocational expert was the closest match to Appellant's job as performed generally in the national economy, though the ALJ noted the vocational expert's qualification that Appellant actually performed the job as heavy work. Nevertheless, the ALJ found that someone with Appellant's functional capacity could perform Appellant's past work as generally performed in the national economy. Consequently, the ALJ concluded that Appellant was able to perform her past work in a light capacity. The Commissioner adopted the ALJ's decision.

Saunders appealed the Commissioner's decision to the District Court. After the District Court affirmed the Commissioner's decision, Appellant timely appealed to this Court arguing that the ALJ (1) erroneously failed to consider certain medical opinions, (2) failed to accord proper weight to the opinions she did consider, (3) failed to consider whether Appellant was disabled for twelve months, (4) incorrectly concluded that Appellant's job existed in the national

economy, and (5) failed to individually consider each of Appellant's functional capabilities. Because we conclude that the ALJ erred when she failed to consider certain medical opinions, we remand to the Commissioner.

**II.**

The Social Security Act ("Act") sets forth the rules governing disability benefits. In pertinent part, the Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual suffers from a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

To determine whether a claimant suffers from a disability, the ALJ conducts a five-step sequential analysis. 20 C.F.R. § 404.1520. At step one, the claimant must show she is not engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At step two, the ALJ must determine whether the claimant suffers from a severe impairment. *Id.* §§ 404.1520(a)(4)(ii), 404.1520(c), 404.1509. At step three, the ALJ evaluates whether the claimant's impairment meets or equals an impairment listed in the regulations. *Id.* §§ 404.1520(a)(4)(iii), 404.1520(d). Should the claimant make that showing, she is deemed disabled. *Butler v. Barnhart*, 353 F.3d 992, 997 (D.C. Cir. 2004). If not, the ALJ proceeds to step four, where the claimant must demonstrate that she is incapable of performing her previous work. 20 C.F.R. §§ 404.1520(a)(4)(iv),

404.1520(f).  A claimant who can perform her previous work is not disabled, but if she demonstrates her inability to perform her previous work, the ALJ must then determine at step five whether the claimant can make an adjustment to other work while taking into consideration the claimant's residual functional capacity.  *Id.* §§ 404.1520(a)(4)(v), 404.1520(g). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner on the fifth step. *Butler*, 353 F.3d at 993.

In performing this analysis, the ALJ must adhere to certain regulatory requirements.  The ALJ must consider the claimant's statements, "objective medical evidence from an acceptable medical source," and medical opinions.  20 C.F.R. § 416.929(a).  In considering the latter, the ALJ must generally give more weight to physicians who have examined the claimant, *id*. § 404.1527(c)(1), and particularly heavy weight to medical opinions from a treating source, *i.e.*, a physician with an existing relationship with the claimant, *id.* § 404.1527(c)(2).  Indeed, if a treating source's medical opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence," the ALJ must give the opinion "controlling weight."  *Id.*; *see also Butler*, 353 F.3d at 1003 (quoting *Williams v. Shalala*, 997 F.2d 1494, 1498 (D.C. Cir. 1993)).

We review the Commissioner's ultimate determination of disability under the familiar substantial evidence standard.  The Commissioner's determination must be "based on substantial evidence in the record and correctly appl[y] the relevant legal standards."  *Id.* at 999; *see also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Butler*, 353 F.3d at 999 (internal quotation marks omitted)

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence "requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence." *Id.* (quoting *Fla. Mun. Power Agency v. FERC*, 315 F.3d 362, 365–66 (D.C. Cir. 2003)).  Thus, while "we must carefully scrutinize the entire record, . . . we assess only whether the ALJ's finding that [the claimant] is not [disabled] is based on substantial evidence and a correct application of the law." *Id.* (citation omitted).  In applying this standard, we must also be mindful of the harmless-error rule.  *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).  Consequently, even if we perceive error, we will affirm the Commissioner's decision unless the error is prejudicial.

We agree with Appellant that the ALJ failed to properly consider key medical opinions that supported Appellant's claim that she was disabled.  Of particular relevance, the ALJ failed to consider the medical opinion offered by Dr. Liberman in December 2014.  Dr. Liberman, Appellant's treating neurologist, examined Appellant almost twelve months after she sustained the injury and concluded that Appellant "most likely has post[-]traumatic myofascial pain syndrome, which has become chronic."  J.A. 204.  Dr. Liberman noted that Appellant had a "marked limitation of lumbar movement," was "very tender over the left lumbar paraspinal region and left buttock," her "[s]traight leg raising was 15 [degrees] on the left and 30 [degrees] on the right," and she had a "slow and antalgic" gait.  *Id.*

The ALJ failed to acknowledge, let alone evaluate, Dr. Liberman's medical opinion despite her obligation to do so. SSA's regulations make clear that "[r]egardless of its source, [SSA] will evaluate *every* medical opinion [it] receive[s]."  20 C.F.R. § 404.1527(c) (emphasis added).  The regulations also require ALJs to place more weight on opinions offered by

treating physicians who have examined the claimant, unless the opinions are contradicted by substantial evidence. *Id.* § 404.1527(c)(1). By failing to even consider Dr. Liberman's December 2014 medical opinion, the ALJ fell short of her obligation to "explain [her] reasons" for rejecting Dr. Liberman's medical opinion. *Butler*, 353 F.3d at 1003 (quoting *Williams*, 997 F.2d at 1498); *see also Jones v. Astrue*, 647 F.3d 350, 355 (D.C. Cir. 2011) (remanding to SSA when the ALJ rejected the treating physician's medical opinion but "did not say *why* that was so").

The Commissioner attempts to discount this failure to consider Dr. Liberman's 2014 evaluation because the opinion was purportedly duplicative of Dr. Liberman's 2017 opinion. We disagree for two reasons. First, on their face, the two opinions contain substantively different assessments. In 2014, Dr. Liberman noted that Appellant was unable to raise her legs to similar degrees, whereas he made no similar finding in 2017. J.A. 204; J.A. 323–24. Dr. Liberman also concluded that Appellant's gait "was slow and antalgic" in 2014, J.A. 204, and thus unnatural due to pain and discomfort, *see Antalgic*, *Merriam-Webster*, https://www.merriam-webster.com/medical/antalgic (last visited June 25, 2021), but only "a little bit slow and mildly unsteady" in 2017, J.A. 323. And although Dr. Liberman stated that Appellant "ha[d] to rest several times a day" in 2017, J.A. 324, his 2014 assessment concluded with the determination that Appellant could not "walk, stand[,] or sit for more than a brief period of time," J.A. 204. These conclusions are substantially different, so the Commissioner is wrong to argue that they were duplicative.

Second, over two years passed between the two evaluations; Appellant's medical condition could have ameliorated during that stretch but still entitled her to receive disability benefits for the period of time during which she was

disabled. *See* 20 C.F.R. § 404.1505(a) (defining disability as "the inability to do any substantial gainful activity . . . for a continuous period of not less than 12 months"). Thus, even assuming that Dr. Liberman's 2014 opinion was largely redundant of his 2017 evaluation, the ALJ still had to consider the 2014 opinion—an opinion given almost exactly twelve months after Appellant's fall—to determine whether Appellant was entitled to at least a closed period of disability. The ALJ's evaluation of Dr. Liberman's 2017 opinion thus did not incorporate Dr. Liberman's 2014 opinion, and this incomplete consideration prejudiced Appellant. Had the ALJ considered Dr. Liberman's 2014 opinion, she may have concluded that Appellant was at least entitled to disability benefits during the twelve-month period following Appellant's fall.

We therefore remand to the Commissioner. Appellant raises several other challenges to the ALJ's failure to consider certain medical opinions, but because we are remanding to the agency, we need not address these challenges, nor do we address Appellant's claim that the ALJ failed to conduct a function-by-function analysis or her argument that the ALJ incorrectly concluded that Appellant could perform her past relevant work. *See, e.g.*, *Berry v. Astrue*, 622 F.3d 1228, 1234 n.3 (9th Cir. 2010) ("Given our remand for a new hearing, we need not resolve [the other] claim[s]."). It will be for the Commissioner to evaluate these claims in the first instance after considering all medical opinions.

**III.**

For the foregoing reasons, we reverse and remand the judgment of the District Court with instructions to remand to the Commissioner for further proceedings consistent with this opinion.

*So ordered.*